IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE SOUTHERN DIVISION

In re: )
)
Jesse Michael Ashley ) Case No.: 17-12758 SDR
)
) Chapter 13
Debtor(s) )

## CHAPTER 13 PLAN

**1. PAYMENTS AND TERM.**
The debtor will pay the chapter 13 trustee **$2,225.00 monthly via direct pay on the 20th day of each month beginning July 2017** the following additional monies: N/A_____.

**2. PRIORITY CLAIMS (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of $3,750.00 less $2,225.00___ previously paid by the debtor.
(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance with the filed claim.
(c) All allowed priority claims shall accrue no interest after the filing date of this petition. In the event any of these claims are not discharged upon the completion of this plan, the balance due upon completion shall be the unpaid balance with no accrued interest. Interest will only begin accruing on the unpaid balance (if any) after the completion of the plan. If the claim is paid in full in the plan the debt shall be deemed satisfied in full upon completion of the plan.

**3. SECURED CLAIMS.**
(a) *Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee at the value of the security, capped by the filed claim, in the manner specified below; the trustee may increase payments to secured creditors to ensure timely amortization. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below. The failure of a secured creditor listed below to timely object to the proposed treatment for its secured claim and its unsecured claim shall be deemed an acceptance of the terms of the plan as provided for in 11 U.S.C. Section 1325(a)(5).

| *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
|---|---|---|---|---|
| Check into Cash | 2001 Ford F150 | Amount of claim | $50.00 | 4% |
| Check into Cash | 1998 Ford Explorer | Amount of claim | $40.00 | 4% |
| Springleaf Financial | 2001 Ford Ranger | $3,000.00 | $120.00 | 4% |

(b) *SURRENDER.* The debtor(s) shall surrender the following collateral:
*Creditor*                                                                                    *Collateral to Be Surrendered*

(c) **LONG-TERM MORTGAGES, MOBILE HOMES, BOATS, MOTOR VEHICLES AND RECREATIONAL VEHICLES AND TRAILERS, ETC.** The holders of the following claims will retain their liens and will be paid monthly maintenance payments, which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount of the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. § 1322(b)(5), will be paid and adjusted in accordance with the filed claim and any subsequent notice of mortgage payment change, absent any objection. Amounts claimed pursuant to notice(s) of post-petition fees and expenses will be paid with first available funds, absent an objection. The filing of the notice of mortgage payment change or notice of post-petition fees or expenses shall be considered notice to the parties in interest of such plan payment change or increased amount of secured debt; no further notice or filing is required by the trustee or debtor. The secured creditor must advise of the need for monthly change promptly and in accordance with Fed. R. Bankr. P. 3002.1. Pursuant to 11 U.S.C. §1322(b)(3), and (10) all maintenance payments shall be deemed current upon conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in the plan or during the case pursuant to 11 U.S.C. §1322 (b)(5). Pursuant to 11 U.S.C. §1322(b)(3) any secured creditor that fails to file a claim waives any default or charges resulting from non-payment.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance payment | Payment By: (Inside the plan or outside the plan) |
|---|---|---|---|---|---|
| Select Portfolio 1st Mortgage 817 Masterson Avenue Hixson, TN 37343 | $23,000.00 | | $400.00 | $1,282.44 | Inside the plan beg. 7/2017 |

**4. UNSECURED CLAIMS.**
(a) *Nonpriority*. Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid:

_X_ (1) _____ In Full
_____ (2) _____ percentage - minimum of 36 months
_____ (3) _____ unsecured claims - minimum of 36 months
_____ (4) _____ Remainder to unsecured claims
_____ (5) _____ Other

(b) All allowed nonpriority unsecured claims shall accrue no interest after the filing date of this petition. In the event any of these claims are not discharged upon the completion of this plan, the balance due upon completion shall be the unpaid balance with no accrued interest. Interest will only begin accruing on the unpaid balance (if any) after the completion of the plan. If the claim is paid in full in the plan the debt shall be deemed satisfied in full upon completion of the plan.

**5. EXECUTORY AND UNEXPIRED LEASES.** Except the following which are assumed, all executory contracts and unexpired lease are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above.

*Other party to contract*                    *property description*                    *Inside the plan*

**6. SPECIAL PROVISIONS.** (such as cosigned debts, secured tax claims, debts paid by third party, student loans, special priority debts and treatment of non bankruptcy secured debt as unsecured in the plan, child support claims).

Hamilton County- Property Taxes- to be paid in full inside the plan plus 12% interest

World Finance- NPMSI – The confirmation of this plan shall constitute an order of the court avoiding the non-purchase money lien claimed in certain personal property owned by the debtor as defined in 11U.S.C. Sec. 522 (f).

Date: X 6-16-17    X _____
                         Debtor

Date: _____    _____
                         Joint Debtor

MARK T. YOUNG & ASSOCIATES
/s/Mark T. Young
By: Mark T. Young BPR5303
Attorney for the Debtor(s)
2895 Northpoint Blvd
Hixson, TN  37343
Phone: (423)870-5225
Fax: (423)877-0363